UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENE BARGER,<br><br>           Plaintiff,<br><br> - against -<br><br>DEX MEDIA, INC.<br><br>           Defendant. | Docket No. 1:18-cv-4802<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Rene Barger ("Barger" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Dex Media, Inc. ("Dex" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the Old Organ Lutheran Church in North Carolina, owned and registered by Barger, a professional photographer. Accordingly, Barger seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Barger is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 130 Sunrise Ridge Drive, Salisbury, NC 28146.

6. Upon information and belief, Dex is a foreign business corporation with a place of business at 220 West Airfield Drive, D/FW Airport, Texas 75261. Upon information and belief, Dex is registered with the New York State Department of Corporations to transact business in New York. At all times material hereto, Dex has owned and operated the Yellow Pages directory (the "Yellow Pages").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7. Barger photographed the Old Organ Lutheran Church in North Carolina (the "Photograph"). A true and correct copy of the photograph is attached hereto as Exhibit A.

8. Barger is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-103-126

**B.     Defendant's Infringing Activities**

10. Dex copied the Photograph and ran it on the front cover of the Yellow Pages in North Carolina. A true and correct copy of the Photograph on the front cover the Yellow Pages is attached hereto as Exhibit B.

11. Dex did not license the Photograph from Plaintiff, nor did Dex have Plaintiff's permission or consent to publish the Photograph on the Yellow Pages.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEX)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

13. Dex infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Yellow Pages. Dex is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Dex have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEX**
**(17 U.S.C. § 1202)**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. Upon information and belief, Dex copied the Photograph and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

19. The conduct of Dex violates 17 U.S.C. § 1202(b).

20. Upon information and belief, Dex's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

21. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Dex intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Dex also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

22. As a result of the wrongful conduct of Dex as alleged herein, Plaintiff is entitled to recover from Dex the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Dex because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

23. Alternatively, Plaintiff may elect to recover from Dex statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Dex be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Claire be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       May 31, 2018

                                              LIEBOWITZ LAW FIRM, PLLC

                                              By: /s/Richard Liebowitz
                                                    Richard P. Liebowitz
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, NY 11580
                                            Tel: (516) 233-1660
                                            RL@LiebowitzLawFirm.com

                                            *Attorneys for Plaintiff Rene Barger*